

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Connally McKay
County Attorney
Wood County
Quitman, Texas

Opinion No. 0-7206

Re: Does the Commissioners' Court
of Wood County have the auth-
ority to appropriate monies for
the advancement or aid to a
Vocational School for the benefit
of ex-service men?

Dear Sir:

We have your recent request for an opinion, which
reads, in part, as follows:

"A Vocational Training School for Wood County,
Texas has been organized by the Wood County Board of
School Trustees for the purpose of providing immedi-
ate and practical training on the job for ex-service
men of the armed forces of the U. S. who desire such
training and who do not wish to continue their high
school and college education. The school was organ-
ized under public law 346, 78th. Congress, and is a
G. I. Vocational Training School and will receive
money from the Federal Government when ex-service men
have qualified for studies and training.

"One of the prerequisites to organize such a
school was that some individual, corporation, or other
agency provide funds for the operation of the school
until money was received from the Federal Government.
The Board of directors of the school, who were appointed
by the county Board of School Trustees, requested the

Commissioners Court to finance the school temporarily until said money was received. Acting on such request the commissioners court of this county passed the following order:

"' On motion by B. A. Holbrook, seconded by C. C. Clanton that Wood County escrow the sum of $2,000.00 for the purpose of defraying expenses necessary for the organization of Vocational School under the G. I. Bill of Rights as set up by the County School Board. It is specifically understood that any amount of the above $2,000.00 that is not used is to be paid into the County Treasury.'

Please advise me,

"1. Whether or not the commissioners court has the authority to appropriate monies for the advancement or aid to a Vocational School for the benefit of ex-service men."

County commissioners'. courts have no power or authority, except such as is conferred upon them by the Constitution or statutes of the State. Bland v. Orr, 39 S. W. 558 (Tex. Sup. Ct., 1897); Galveston, H. & S. A. Ry. Co. v. Uvalde County, 167 S. W. (2d) 305 (San Antonio Ct. of Civ. App., 1942); Howard v. Henderson County, 116 S. W. (2d) 479 (Dallas Civ. App., 1938); Landman v. State, 97 S. W. (2d) 264 (El Paso Civ. App., 1936); Nunn-Warren Pub. Co. v. Hutchinson County, 45 S. W. (2d) 651, (Amarillo Civ. App., 1932) writ of error refused.

The expenditure of public funds is jealously guarded by the Constitution, and commissioners' courts cannot make any gratuitous grant of funds or use public credit or incur any indebtedness or liability except for public governmental purposes authorized by law. DeMary v. Jefferson County, 179 S. W. (2d) 584 (Beaumont Civ. App., 1943).

The powers and duties of commissioners' courts are specified in Article V, Section 18, Constitution of Texas, and Title 44, Revised Civil Statutes of Texas. We find nothing therein which, either expressly or by necessary implication, would authorize a commissioners' court to grant or

Honorable Connally McKay - Page 3

lend public funds for the purpose stated in your letter. Therefore, we must answer your first question in the negative.

Your second question which reads as follows:

"2. Whether the County Clerk and the District Clerk may furnish certified copies, free of charge, of discharges, marriage licenses, birth certificates, death certificates and divorce proceedings that might be called for in connection with the above mentioned school."

is answered by our Opinion No. 0-7208, a copy of which is enclosed herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Raymond A. Lynch
Raymond A. Lynch
Assistant

RAL:jt

enclosure

APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN